**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES GRIFFIN                                                                PLAINTIFF

v.                                            3:25-cv-00271-KGB-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration,                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to Chief United States District Judge

Kristine G. Baker.  The parties may file specific objections to these findings and recommendations

and must provide the factual or legal basis for each objection.  The objections must be filed with

the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A

copy must be served on the opposing party.  The district judge, even in the absence of objections,

may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, James Griffin, has appealed the final decision of the Commissioner of the Social

Security Administration to deny his claim for disability insurance benefits and supplemental

security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a

disability within the meaning of the Social Security Act, because Mr. Griffin could perform jobs

that exist in significant numbers despite his impairments.  (Tr. 29-45.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is fifty-four years old. (Tr. 63.) He is a high school graduate and attended two years of college.  (Tr. 64.)  He has no past relevant work.  (Tr. 43.)

The ALJ[1] first found Mr. Griffin had not engaged in substantial gainful activity since his alleged onset date of December 20, 2021.  (Tr. 31.)   He has "severe" impairments in the form of "shoulder arthritis; degenerative joint disease; neuropathy with mild left ulnar entrapment and mild left carpal tunnel syndrome."  (Tr. 32.)   The ALJ further found Mr. Griffin did not have an

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 34-35.)

The ALJ determined Mr. Griffin has the residual functional capacity (RFC) to perform a reduced range of light work.  (Tr. 35.)  The ALJ found Plaintiff had no past relevant work, (Tr. 43), so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 77-80.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of marker, cleaner, and router - despite his limitations.  (Tr. 44.)  Accordingly, the ALJ determined Mr. Griffin was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 13-17.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

The sole argument in support of Plaintiff's Complaint is that the ALJ failed to adequately assess his mental limitations when formulating his RFC.  (Doc. No. 9 at 7-13.)  Plaintiff argues:

> In this case, the ALJ failed to account for any mental limitations in the RFC or expressly explain why such limitations were not included. At step two of the ALJ's sequential analysis, the ALJ provided an examination of the Plaintiff's mental impairments stemming from his medically determinable impairments of depressive disorder and anxiety disorder. (Tr. at 32). In analyzing Paragraph B criteria, the ALJ found that the Plaintiff had mild limitations in understanding, remembering or applying information; mild limitations in interactions with others; mild limitations in the ability to concentrate, persist, or maintain pace; and mild limitations in the ability to adapt or manage oneself. (Tr. at 33-34).  Nonetheless, despite assessing mild mental limitations in all four broad functional categories, the ALJ. . . failed to mention any mental limitations, mild or otherwise, that accounted for the Plaintiff's mental issues arising from his mental impairments.

(*Id.* at 8-9.)

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

Plaintiff's argument is misplaced.  As the Commissioner points out in his Brief, the ALJ's Step Two "paragraph B" findings are distinct from the Step Four RFC findings. And the ALJ specifically pointed this out in his opinion when he said, "The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment."  (Tr. 34.)  So, contrary to Plaintiff's argument, the ALJ was not required to include mental limitations in his RFC determination based upon his "paragraph B" findings.  As the United States Court of Appeals for the Eighth Circuit has said, "As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ('Each step in the disability determination entails a separate analysis and legal standard.')" *Chismarich v. Berryhill,* 888 F.3d 978, 980 (8th Cir. 2018).

Here, the critical question is whether substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (Tr. 32.)  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

>     (a)   *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental

ability to do basic work activities.

     (b) *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--

     (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

     (2)  Capacities for seeing, hearing, and speaking;

     (3)  Understanding, carrying out, and remembering simple instructions;

     (4)  Use of judgment;

     (5)  Responding appropriately to supervision, co-workers and usual work situations; and

     (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Plaintiff has offered little by way of objective evidence.  Plaintiff supports his argument with his hearing testimony and his function report.  (Doc. No. 9 at 11.)  He then says, "Additionally, medical records in this matter frequently confirm the Plaintiff's difficulty concentrating. (Tr. at 1196; 1385; 1428; 1439)."  (*Id.*)  Plaintiff then – pointing to the ALJ's assessment of the State Agency consulting doctors -  argues that that ALJ "recognized the distinction between "no limitation" and "mild limitation" and deliberately chose the latter."  (*Id.*)  His point being, "This distinction by the ALJ reflects an affirmative conclusion that the Plaintiff's depressive disorder and anxiety disorder did in fact impose at least some functional restriction in every Paragraph B domain. However, the ALJ then failed to account for any mental limitation, however slight, in the RFC."  (*Id.* at 12.)

About the findings by State Agency doctors Abesie Kelly, Ph.D., and Kevin Santulli, Ph.D., (Tr. 168-169, 194-195),  the ALJ said:

Additionally, Kevin Santulli, Ph.D., a State agency consultant, reviewed the claimant's medical history during the initial stage. Dr. Santulli concluded the claimant history of anxiety was nonsevere, resulting in no greater than mild limitation in his ability to interact with others, maintain concentration and pace, and adaptive or manage himself. Dr. Santulli concluded there was no limitation in the claimant's ability to understand, remember, or apply information (Ex. 5A/6-7; 6A/6-7). Abesie Kelly, Ph.D., a State agency consultant, reviewed the claimant's

medical evidence during the reconsideration stage, and affirmed Dr. Santulli's conclusion that the claimant's mental impairment was non-severe (Ex. 9A, 10A). However, Dr. Kelly concluded the claimant experienced no limitation in his ability to understand, remember and apply information, no limitation in his ability to adapt and manage himself, and no greater than mild limitation in his ability to interact with others and maintain concentration, persistence and pace (Ex. 9A/4; 10A/4). Both State agency consultants sought to support their conclusions by referencing their reviews of the claimant's medical history. The undersigned finds these conclusions mostly persuasive. A longitudinal review of objective examinations shows the claimant was frequently documented with alert and oriented cognition, grossly normal mood and affect, and with no signs of acute psychological dysfunction (See Ex. 20F, 23F, 26F, 32F). Additionally, evidence indicates the claimant's mental impairment symptoms were generally controlled and managed by routine prescription medications including Zoloft and Xanax (Ex. 16E, 19E). Such evidence is consistent with the State agency consultants' conclusion the claimant's mental impairment are non-severe, resulting in no more than mild limitation in his ability to function. However, the undersigned finds the evidence more consistent with assigning mild limitation to all four of the "Paragraph B" domains of mental functioning, and with a finding that the claimant suffers from non-severe depression, in addition to non-severe anxiety. As such, the undersigned finds the prior administrative findings of the State agency consultants mostly, but not entirely persuasive.

(Tr. 41.)

While Plaintiff believes the ALJ's assessment is flawed, I find no error here. The ALJ focused on Plaintiff's ability to function rather than focusing on his diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). After careful consideration of the record, I find substantial evidence supports the ALJ's decision.

The objective medical records fail to support Plaintiff's claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from

6

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel for both sides have done an admirable job advocating for their clients' respective positions.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of June 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE